EPHRAIM ARNOLD *vs.* CHANDLER SABIN.

When the decree of a judge of probate, appointing an administrator, is appealed from, the authority of such administrator is thereby suspended, and any further proceedings by him in that capacity are irregular.

In a complaint to the judge of probate, for embezzlement of the estate of a person deceased, the complainant having described himself as "administrator and cred- itor," and it appearing that he was not entitled to act as administrator, it was held, that the words "administrator and" were material and could not be re- jected as surplusage.

THIS was an appeal from a decree of the judge of probate for the county of Hampshire.

Chandler Sabin having been appointed administrator of the estate of Arba Arnold, son of the appellant, who died leaving no wife or child, an appeal was seasonably taken

from the decree making this appointment, and the necessary steps pursued to promote the same by the appellant.

Notwithstanding this appeal, Sabin, alleging himself to be interested in the estate of the said Arba, as administrator and creditor, filed a petition to the judge of probate, averring the concealment and embezzlement of the property of the deceased by the appellant, and praying a citation to him to answer interrogatories, pursuant to the statute. The citation was issued accordingly, and the court ordered the appellant to answer the interrogatories. From the last decree, this appeal was taken.

*E. G. Bowdoin*, for the appellant.

*I. H. Conkey*, for the appellee.

SHAW, C. J. By the appeal from the decree of the judge of probate appointing Sabin administrator, his authority as such administrator was suspended, and his proceeding afterwards to take out a citation against the appellant, for embezzlement, and to promote the same, was irregular, under the Rev. Sts. *c.* 83, § 43.

It is argued, that this petition may be sustained, on the ground, that the petitioner describes himself as administrator and creditor, and it is sufficient if he is a creditor, within the seventh section of the Rev. Sts. *c.* 65, which provides for complaint made by any executor, administrator, heir, legatee, creditor or other person interested in the estate of any person deceased, &c.

It is very questionable, whether this is not limited, by necessary implication, to the case of a deceased person, whose estate is under administration, that is, one on which letters testamentary, or letters of administration, have been granted. How else is the jurisdiction of this process, which is in its nature subsidiary and interlocutory, to be determined by the judge of probate, if it is not by the fact, that the estate is in the process of settlement before him?

Further, to what useful end would it conduce to inquire and ascertain, if any person has property concealed, or withheld, if there be no person qualified and authorized to demand it, or even take it into custody and give a legal acquit-

tance for it, if voluntarily surrendered ?   From whom can it be said to be concealed, embezzled or withheld ?

But we do not consider that an answer to these questions is necessary in this case.   The respondent alleges, in his petition, that he is " administrator and" creditor; but the words " administrator and" are material, and cannot be treated as surplusage.   It may have been upon this ground alone, that the judge took jurisdiction.

*Decree ordering the appellant to answer interrogatories reversed and annulled, and proceedings under it vacated.*